```
01
02
03
04
05                     UNITED STATES DISTRICT COURT
                      WESTERN DISTRICT OF WASHINGTON
06                               AT SEATTLE
```

UNITED STATES OF AMERICA,        )
                                 )
        Plaintiff,               )
                                 )   Case No.  06-248M
    v.                           )
                                 )
IVAN KWONG,                      )   DETENTION ORDER
                                 )
        Defendant.               )
_____  )

<u>Offenses charged</u>:

      Count 1:  Unlawful Importation of MDMA in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(3).

      Count 2:  Possession with Intent to Distribute Ecstacy in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

<u>Date of Detention Hearing</u>:   May 25, 2006.

      The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds the following:

<u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

      (1)    Pursuant to 18 U.S.C. § 3142(e), there is a rebuttable presumption that defendant is a flight risk and a danger to the community based on the nature of the pending charges.  Application of presumption is appropriate in this case.

      (2)    Defendant is a native and citizen of Canada.

      (3)    Defendant has no ties to this community or to the Western District of

Washington.

(4) Defendant has a prior conviction in Canada of a similar nature as the instant alleged offense charged.

(5) Defendant's alleged offense involves amounts of substantial deliveries of MDMA.

(6) There appear to be no conditions or combination of conditions other than detention that will address the risk of flight and the danger to other persons of the community posed by defendant.

IT IS THEREFORE ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 26th day of May, 2006.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge